UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CR. NO. 1:21-CR-26 |
| | : | |
| v. | : | |
| | : | (Judge Conner) |
| **ROHAN LYTTLE**, | : | |
| **CARON PITTER**, | : | |
| Defendants. | : | (Electronically Filed) |

### GOVERNMENT'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

The Government's motion seeks what should be an uncontroversial outcome: the protection from disclosure of sensitive personal information belonging to third parties, including victims of the defendants' alleged fraud scheme. After a further meet-and-confer, counsel for defendant Caron Pitter has agreed to the entry of a protective order with respect to forthcoming discovery[1]; however, she insists that the same protective order could not apply to discovery provided at an earlier point in the case.

---

[1] Regarding forthcoming discovery, counsel for defendant Pitter has agreed to the entry of a protective order with only two meaningful differences from the one proposed by the Government: (1) she has requested that at the conclusion of proceedings, the defendant be expressly *required* to return all discovery materials to his or her counsel; and (2) that counsel be permitted to retain one copy of the discovery materials, rather than having to return or destroy them. The Government would agree to those changes here, except that the Government's position is that the order should apply to all discovery in this case, not just forthcoming discovery.

Why this is so remains a mystery to the Government. Counsel for defendant Pitter has not claimed that her client could not comply with the protective order with respect to discovery previously provided, has not put forth any argument that the protective order would prejudice her client in any way, has not contended that there is some disclosure outside the scope of the protective order that would be in her client's interest, and has not provided to the Government any legal basis for opposing the entry of such an order.

This Court has broad discretion over the control of discovery, including the discretion to enter a protective order governing earlier provided discovery. The Court should ensure the privacy interests of victims and other third parties and enter the proposed protective order.

I. LEGAL STANDARD

Rule 16 provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). "Good cause . . . generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). "A district court has broad discretion when fashioning protective orders." *Id* at 357. "[T]he trial court

can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In doing so, the court should seek to ensure that disclosure of discovery materials to a defendant "involve[s] a minimum hazard to others." *Id.*

Courts have consistently recognized the importance of protective orders in safeguarding the personal information and privacy interests of third parties, such as the victims in this case. *See United States v. Luchko*, 2007 WL 1651139, at *7–8 (E.D. Pa. June 6, 2007) (unpublished) (finding good cause to enter a protective order to "protect[] the privacy interests of uncharged persons, promote[] the government's policy of open discovery and prevent[] unnecessary disclosure of investigative techniques."); *see also United States v. Smith*, 602 F. Supp. 388, 396–97 (M.D. Pa. 1985) (noting that "the information that is the subject of the protective order seriously implicates privacy interests of third parties, *i.e.*, the unindicted co-conspirators."), *aff'd*, 776 F.2d 1104 (3d Cir. 1985).

## II.   FACTUAL BACKGROUND

This case was indicted in early 2021. Following indictment, the Government, in compliance with its various discovery obligations, provided a voluminous amount of discovery to both defendants who have appeared in this case. This discovery included, among other things, business and financial records relating to the defendants and their common place of business, but also records relating to third parties, including both unindicted coconspirators and victims. By providing this discovery without the extensive and time-consuming redactions that would have been necessary given the volume of materials, the Government was able to produce this discovery quickly, which was the desire of defense counsel at the time.

Defendant Lyttle and defendant Pitter have both obtained new attorneys within the past several months. Both have furthermore indicated that they intend to proceed to trial in this case. Accordingly, the Government has redoubled its efforts to complete discovery as soon as possible so that a trial date may be set and this case reaches a prompt resolution. A significant barrier to the completion of discovery, however, is the lack of a protective order.  Counsel for defendant Lyttle have

agreed to the entry of a protective order governing all discovery in this case to date; counsel for defendant Pitter has not.

### III. THE GOOD CAUSE STANDARD HAS BEEN READILY MET

The proposed protective order is one that counsel for the Government has utilized in prior cases, and in the past defendants—including defendants represented by the Federal Public Defender's Office—have readily concurred in its entry. The protection of third parties' personal information is a basic function of protective orders, and even counsel for defendant Pitter does not appear to contend otherwise. Indeed, the Government is hard pressed to think of any legitimate reason why a defendant in this case would want or need to disclose information relating to third parties—which is voluminous in this case—to someone other than those identified in the protective order. With respect to fraud victims, dissemination of the discovery beyond the parameters set forth in the proposed protective order would only jeopardize their privacy interests and create the possibility they could be further victimized.

The proposed order does nothing to inhibit a defendant's ability to prepare for trial or mount a vigorous defense. Instead, it allows the Government to comply with its discovery obligations efficiently while

preventing the misuse of discovery materials, which contain sensitive information such as personal identifying information. This is particularly true in light of the broad residual clause permitting "such other disclosures as necessary in furtherance of any proceedings connected with this case, including any appeals arising from this case."

As previously discussed, the Government has endeavored to address each and every one of the concerns raised by counsel for defendant Pitter. When undersigned counsel requested counsel's position on this motion, counsel for defendant Pitter replied that she could not concur because she had already given discovery to her client to review. When undersigned counsel pointed out that was permitted under the terms of the proposed order, counsel for defendant Pitter stated that she had no intention of returning discovery at the conclusion of the case. When undersigned counsel pointed out that destruction, rather than the return, of evidence was permitted under the terms of the proposed order, counsel for defendant Pitter stated that the proposed order would be untimely entered on the "eve of trial." This position appeared to be based on a misunderstanding that the Court and parties had agreed on a date certain for trial, when in reality trial in this case is still likely several

months off.[2]

From a recent meet-and-confer, it appears to the Government that counsel for defendant Pitter's only unsatisfied issue with the entry of a protective order is whether it should apply to earlier provided discovery. During earlier discussions about the proposed order, and again during this recent discussion, the Government sought to understand whether retroactivity would create any actual prejudice to defendant Pitter or whether this was merely a theoretical concern. Even now, the Government remains in the dark on this issue because counsel for defendant Pitter, citing "privilege," has steadfastly declined to state whether her client has further disclosed or might need to disclose discovery materials to someone outside the scope of the proposed order.[3]

---

[2] Counsel for defendant Pitter has subsequently raised yet another objection to the proposed protective order, namely, that her office must be able to maintain a copy of the discovery for perpetuity in the event the defendant has questions or concerns about her case years from now. As stated above, the Government would be willing to agree to that provision in this case if the protective order governed all discovery in the matter, not just forthcoming discovery.

[3] Respectfully, a terse assertion of "privilege" is not a valid justification for counsel's unwillingness to engage with this issue. Counsel could simply state whether she has discussed the issue with her client without getting into the substance of any such discussion. Furthermore, if her client raised objections to the proposed protective order because of earlier in time disclosures that were made in furtherance of her own defense, counsel

7

But given the promptness with which counsel for defendant Pitter declined to concur in the Government's motion, it does not appear to the Government that Caron Pitter was consulted on this issue—let alone raised concerns about prejudice—before her counsel became committed to opposing it.

Counsel for defendant Pitter's preferred solution would raise unnecessary logistical challenges. With respect to forthcoming discovery, she would prefer that her client be required to return discovery to her for the Office of the Federal Public Defender's recordkeeping. As a result, her client would have to keep track of which discovery was provided after the date of the protective order and specifically return those materials to counsel, but she would have no such obligations with respect to earlier provided discovery. The Government struggles to understand why this outcome would be in any defendant's interest when it would be much easier simply to return everything.

Ultimately, what matters in this situation is simply whether there

---

could say that she conferred with her client and does not concur, again without getting into the substance of any such discussion. If at that point there was in fact a privilege issue that created a barrier to resolution of the issue, the parties and the Court could address it. That is not, however, the approach that counsel for defendant Pitter has taken.

8

is good cause for entry of the proposed order. There is, and defendant has put forth no reason to undermine that showing of good cause.

WHEREFORE, for the reasons stated above, the United States requests the court issue a protective order limiting the disclosure of the discovery materials in this case.

                                  Respectfully submitted,

                                  JOHN C. GURGANUS
                                  UNITED STATES ATTORNEY

Dated: March 25, 2022        By:    */s/ Ravi R. Sharma*
                                                    RAVI ROMEL SHARMA
                                                    Assistant U.S. Attorney
                                                    ravi.sharma@usdoj.gov
                                                    Bar ID: VA 82627
                                                    228 Walnut Street, Suite 220
                                                    P.O. Box 11754
                                                    Harrisburg, PA 17108-1754
                                                    Phone: (717) 221-3450
                                                    Fax: (717)221-4493

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CR. NO. 1:21-CR-26 |
| | : | |
| v. | : | |
| | : | (Judge Conner) |
| **ROHAN LYTTLE**, | : | |
| **CARON PITTER**, | : | |
| Defendants. | : | (Electronically Filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on March 25, 2022, he served a copy of the attached

## GOVERNMENT'S BRIEF IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER

by electronic means to the defendants' attorneys at the following addresses:

Lori Ulrich, Esq. (Counsel for Caron Pitter) – Lori_Ulrich@fd.org
Jerry Russo, Esq. (Counsel for Rohan Lyttle) – jrusso@tuckerlaw.com

/s/ *Ravi R. Sharma*
RAVI ROMEL SHARMA
Assistant U.S. Attorney

10